# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| KENNETH H. CEBERTOWICZ, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. 18−cv−01866−NJR |
| JAMES MUTAYOBA, APRIL RANKIN-WAMPLER, SARAH JOHNSON, and JOHN BALDWIN, | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Kenneth Cebertowicz, a former inmate at Robinson Correctional Center, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1, pp. 1-3). According to the Complaint, Plaintiff is a devout Catholic, whose sincerely held religious beliefs prohibit him from consuming meat (except fish) on Fridays and Ash Wednesday. During his incarceration at Robinson, Plaintiff requested a meat-free food tray on these days.[1] Chaplain James Mutayoba determined that the special diet was not required and denied his request. Plaintiff was forced to choose between his religious practice and adequate nutrition. He challenged the chaplain's decision by filing grievances and appeals that were denied at all levels by April Rankin-Wampler, Sarah Johnson, and John Baldwin. Plaintiff now seeks monetary damages against all four officials for violating his rights under the First Amendment. *Id*.

---

[1] Although Plaintiff alleges that he was denied a religious diet at Robinson on Ash Wednesday, the allegations indicate that he transferred from the prison before this religious holiday. Plaintiff alleges that he was housed at Robinson from December 18, 2016 until January 16, 2017. (Doc. 1, p. 2). In 2017, Ash Wednesday occurred on March 1, 2017. *See* https://www.calendar-12.com/holidays/ash_wednesday/2017.

Along with the Complaint, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP"). (Doc. 2). As a parolee,[2] he does not meet the statutory definition of "prisoner"[3] for purposes of the IFP statute. 28 U.S.C. 1915(h). A federal district court may nevertheless allow a civil case to proceed without prepayment of fees, if the applicant demonstrates he is indigent within the meaning of 28 U.S.C. § 1915(a)(1). Section 1915(e)(2) also requires careful threshold scrutiny of the Complaint filed by an IFP plaintiff. 28 U.S.C. § 1915(e)(2)(B). A court may deny an otherwise qualified plaintiff leave to file IFP and/or dismiss a case, if the action is clearly frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id.*; *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following enumerated counts:

**Count 1:** First Amendment claim against Defendants for imposing a substantial burden on Plaintiff's free exercise of religion by denying his request for a meatless food tray on Fridays and Ash Wednesday.

---

[2] The Court obtained this information at https://www2.illinois.gov/idoc/offender/pages/inmatesearch.aspx. *See Bova v. U.S. Bank, N.A.,* 446 F. Supp. 2d 926, 930 n. 2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).
[3] Section 1915(h) defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

**Count 2:** Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc-1, claim against Defendants for imposing a substantial burden on Plaintiff's exercise of religion by denying his request for a meatless food tray on Fridays and Ash Wednesday.

**Count 3:** Fourteenth Amendment due process claim against Defendants for denying Plaintiff's grievances related to his religious diet request.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[4]

The First Amendment free exercise claim in Count 1 survives preliminary review against Chaplain Mutayoba, who determined that Plaintiff's religious dietary restrictions were not "required" by his religion. *See, e.g., Koger v. Bryan*, 523 F.3d 789, 797-800 (7th Cir. 2008) (prison officials violated inmate's First Amendment rights when they denied his request for a meat-free food tray on the ground that his religion does not require the restriction); *Nelson v. Miller*, 570 F.3d 868, 879 (7th Cir. 2009) (Catholic inmate seeking meat-free diet on Fridays and during Lent suffered substantial burden when he was forced to choose between his religious practices and adequate nutrition). However, this claim shall be dismissed without prejudice against the grievance officers who simply processed Plaintiff's related administrative complaints, including April Rankin-Wampler, Sarah Johnson, and John Baldwin. *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [Constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

---

[4] *See Twombly*, 550 U.S. at 570 (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

The RLUIPA claim in Count 2 does not survive screening. The only relief available under RLUIPA is injunctive relief. Plaintiff is a parolee who presently resides in Wisconsin and does not seek any injunctive relief. The only relief he seeks is money damages. (Doc. 1, p. 3). Sovereign immunity shields state officials from monetary damages in their official capacities, and RLUIPA does not allow money damages against state officials in their individual capacities. *Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012); *Nelson*, 570 F.3d at 886-89. Because there is no indication that the complained of conduct may recur and necessitate injunctive relief in the future, Count 2 shall be dismissed with prejudice.

Finally, the Fourteenth Amendment due process claim in Count 3 also shall be dismissed with prejudice. Prison grievance procedures are not constitutionally mandated and do not implicate the Due Process Clause. Thus, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). The defendants' denial of Plaintiff's grievances does not give rise to an independent due process claim against them, even at this early stage.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint survives preliminary review under 28 U.S.C. § 1915(e)(2), and the Motion for Leave to Proceed *in forma pauperis* is **GRANTED**.

**IT IS ORDERED** that **COUNT 1** will proceed against Defendant **JAMES MUTAYOBA**. However, **COUNT 1** is **DISMISSED** without prejudice against all other defendants because the Complaint fails to state a claim for relief against them. Further, **COUNTS 2** and **3** are **DISMISSED** with prejudice against all defendants for the same reason. The Clerk is **DIRECTED** to **TERMINATE** Defendants **APRIL RANKIN-WAMPLER, SARAH JOHNSON,** and **JOHN BALDWIN** as parties in the Case Management/Electronic Case Filing ("CM/ECF") system.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant **JAMES MUTAYOBA**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, if Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings. Further, this entire matter is **REFERRED** to a **United States Magistrate Judge** for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the

full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/13/2018**

                                                                                          *Nancy J. Rosenstengel*
                                                                            _____
                                                                            **NANCY J. ROSENSTENGEL**
                                                                            **United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the defendant of your lawsuit and serve him with a copy of your complaint. After service has been achieved, the defendant will enter his appearance and file an Answer to your complaint. It will likely take at least **60 days** from the date of this Order to receive the defendant's Answer, but it is entirely possible that it will take **90 days** or more. After the Answer has been filed, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court**.